IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALFRED TIMOTHY BRATTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-972-KAJ |
| | ) |
| STATE OF DELAWARE, SUSSEX | ) |
| COUNTY SUPERIOR COURT, and | ) |
| SUSSEX CORRECTIONAL INSTITUTE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Alfred Timothy Bratton ("Bratton") brings this civil rights action pursuant to 42 U.S.C. §1983. He appears *pro se* and on September 3, 2004, was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 4). I now proceed to review and screen the complaint pursuant to 42 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, I am dismissing the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

I.  **THE COMPLAINT**

The allegations in the complaint concern the delay of Bratton's criminal trial in Sussex County Superior Court. Bratton complains that he was not given a reason for the continuance or rescheduling of the matter. In an attachment to the complaint Bratton also alleges that he suffered "permanent water damage" and needs to see a dermatologist for removal of a neck scar; he has not received photographs his fiance mailed to him; and he has been defamed by the criminal charges brought against him by the state. Bratton seeks compensatory damages in the amount of $15 million dollars.

## II.   STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III.   ANALYSIS

Aside from the fact that the complaint does not state a cognizable § 1983 claim, Bratton's complaint fails for the simple reason that all the defendants are immune from suit for monetary damages. Bratton brings suit against the State of Delaware, the Sussex County Superior Court and the Sussex Correctional Institute, an agency of the State of Delaware. "Absent a state's consent, the Eleventh Amendment bars a civil

rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Dep't of Corr.*, 749 F.Supp. 572, 579 (D.Del. 1991). Hence, the State of Delaware, the Sussex County Superior Court, and the Sussex Correctional Institute, as an agency of the State of Delaware, all are entitled to immunity under the Eleventh Amendment. *See e.g. Evans v. Ford*, C.A. No. 03-868-KAJ, 2004 WL 2009362, *4 (D.Del. Aug. 25, 2004) (claim against DOC dismissed because it is a state agency and it did not waive its Eleventh Amendment immunity).

Bratton's claims against these state defendants have no arguable basis in law or in fact, inasmuch as the defendants are immune from suit. The complaint is frivolous and I am dismissing it pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C.§ 1915A(b).

## IV.  CONCLUSION

NOW THEREFORE, IT IS HEREBY ORDERED this 24th day of January, 2006, that the Complaint is DISMISSED WITHOUT PREJUDICE as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(2).

UNITED STATES DISTRICT JUDGE